UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

STEFAN HENRY                                                                  1:23 CV 2252

                                            Plaintiff,

                                                                      **COMPLAINT**

            -against-                                          **JURY TRIAL REQUESTED**

32-42 BROADWAY OWNER LLC

                                            Defendant.
-------------------------------------------------------------x

## <u>COMPLAINT</u>

Plaintiff Stefan Henry ("Plaintiff"), by his counsel, Parker Hanski LLC, as and for

the Complaint in this action against Defendant 32-42 Broadway Owner LLC

("Defendant"), hereby alleges upon information and belief as follows:

## <u>NATURE OF THE CLAIMS</u>

1.   Plaintiff is an individual with a mobility disability due to a physiological

condition that prevents him from walking.

2.   Unable to ambulate using his musculoskeletal system, Plaintiff uses a

wheelchair for mobility.

3.   Defendant is the owner and operator of the building located at 42 Broadway,

New York, NY ("42 Broadway").

4.   42 Broadway is a commerical facility.

5.   Defendant leases space at 42 Broadway to a place of public accommodation, a

bank known as Chase Bank ("Chase Bank").

6.   As detailed more fully below, Defendant violates each of the laws that prohibit disability discrimination at places of public accommodation through its ownership, operation, control, and lease of space at 42 Broadway to Chase Bank.

7.   Plaintiff brings this action because Defendant denies him, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations ("equal access") of a place of public accommodation, Chase Bank.

8.   Defendant created architectural elements at Chase Bank that function as barriers to wheelchair access ("architectural barriers").

9.   Defendant also maintains architectural barriers at Chase Bank.

10. The architectural barriers at Chase Bank- for example, a step at its public entrance - deny entry to Plaintiff, and other individuals that require wheelchairs, due to disability.

11. The architectural barriers at Chase Bank also obstruct Plaintiff's ability to access the publicly available offerings therein based on disability.



Chase Bank at 42 Broadway and its Public Entrance above Steps

12. By maintaining architectural barriers Defendant denies Plaintiff, based on disability, equal access to Chase Bank.

13. The architectural barriers Defendant maintains, deny Plaintiff, an individual with a disability who requires a wheelchair for mobility, entry to Chase Bank.

14. By maintaining architectural barriers, Defendant denies Plaintiff based on disability equal opportunity to patronize Chase Bank - an opportunity Defendant makes available to members of the public without mobility disabilities.

15. Defendant provides members of the public <u>without</u> mobility disabilities the opportunity to enter Chase Bank directly from the public sidewalk via Chase Bank's public entrance.

16. Defendant denies members of the public <u>with</u> mobility disabilities the opportunity to enter Chase Bank directly from the public sidewalk via Chase Bank's public entrance.

17. Defendant requires members of the public <u>with</u> mobility disabilities to use a separate segregated entrance to 42 Broadway and then travel within 42 Broadway to an interior entrance to Chase Bank.

18. Defendant discriminates against Plaintiff on the basis of disability as due to his use of a wheelchair for mobility - as opposed to his legs - it denies him equal access to Chase Bank.

19. By denying Plaintiff equal access to Chase Bank, Defendant unlawfully discriminates against Plaintiff in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations; the New York Human Rights Law ("State HRL"), New York Executive Law ("N.Y. Exec. Law")

Article 15; the New York Civil Rights Law, § 40 *et seq.* ("N.Y. CRL"); and the New York City Human Rights Law ("City HRL"), Administrative Code of the City of New York ("N.Y.C. Admin. Code") Title 8.

20. Defendant violates the ADA, the State HRL, the N.Y. CRL and the City HRL (collectively, the "Human Rights Laws") directly and through the actions of its agents and employees.

21. Defendant is vicariously liable for the acts and omissions of its employees and agents for the conduct alleged herein.

22. Defendant chose to ignore the explicit legal requirements that obligate it to make Chase Bank physically accessible and usable by persons with disabilities[1].

23. By ignoring its obligation to provide an accessible place of public accommodation, Defendant reveals its indifference to Plaintiff's (and other individuals with disabilities') right to equal access to places of public accommodation.

24. Defendant, undoubtably aware that its decision to maintain architectural barriers would be indiscernible to most persons, presumed it would not face any consequences for failing to provide an accessible place of public accommodation.

25. Plaintiff, however, acts to compel Defendant make Chase Bank accessible and provide equal access to individuals with disabilities in compliance with the Human Rights Laws

---

[1] As used in Plaintiff's Complaint the terms "accessible" and "readily accessible to and usable by" mean that the place of public accommodation complies with the design and construction standards referenced in Plaintiff's Complaint and can be approached, entered, and used by people having physical disabilities. *See* 42 U.S.C. § 12183, 28 C.F.R. § 36.406, and N.Y.C. Admin. Code § 27-232; and § 28-1102.1.

26. Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses, to redress Defendant' unlawful disability discrimination against him in violation of the Human Rights Laws.

27. Plaintiff seeks to have Defendant make Chase Bank physically accessible to and usable by individuals with disabilities so that Plaintiff, and other persons with mobility disabilities, have the opportunity to fully and equally enjoy the goods, services, facilities, privileges, advantages, and accommodations of Chase Bank, a place of public accommodation.

## JURISDICTION AND VENUE

28. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as Plaintiff's claims involve federal questions regarding the deprivation of Plaintiff's rights under the ADA.

29. This Court also has supplemental jurisdiction over Plaintiff's State HRL, N.Y. CRL, and City HRL claims pursuant to 28 U.S.C. § 1367(a).

30. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's discriminatory acts alleged herein occurred in this district and the place of public accommodation, Chase Bank, is located in this district.

## PARTIES

### *Plaintiff*

31. Plaintiff suffers from a physiological condition that inhibits his ability to walk and which restricts his body motion range and movement.

32. Plaintiff is therefore an individual with a disability under the Human Rights Laws.

33. Due to his impairment, Plaintiff uses a wheelchair for mobility.

34. Plaintiff Stefan Henry is a resident of the State and City of New York.

35. Plaintiff's place of employment is located less than four minutes wheelchair distance from Chase Bank.

36. Plaintiff passes Chase Bank on his commute to work.

37. Plaintiff is a client of Chase Bank.

38. Plaintiff banks at Chase Bank.

39. Plaintiff last visited Chase Bank in late February 2023.

40. Plaintiff desires to enter and patronize Chase Bank as it is conveniently located on his work commute.

41. Plaintiff desires to enter and patronize Chase Bank as it is conveniently located close to his workplace.

42. However, Plaintiff has been and remains deterred from visiting Chase Bank due to architectural barriers at its public entrance - steps - which he cannot traverse in his wheelchair.

43. Plaintiff is additionally deterred from visiting Chase Bank because Defendant maintains architectural barriers - for instance, inaccessible interior doors - at the separate entrance to 42 Broadway it requires Plaintiff and other wheelchair users to use to access to Chase Bank.

44. In addition to segregating Plaintiff by requiring him to use a separate entrance, Defendant does not provide Plaintiff with provide direct access to Chase Bank.

45. Plaintiff is additionally deterred visiting Chase Bank because the architectural barriers at 42 Broadway deny Plaintiff independent, integrated, and safe entry to Chase Bank

46. Defendant continues to deter Plaintiff from visiting Chase Bank due to the architectural barriers it maintains at Chase Bank and because it requires Plainitff to use a separate segregated entrance to 42 Broadway to access Chase Bank.

47. Plaintiff is a client of Chase Bank and desires to enter Chase Bank to access its offerings.

48. Despite his desire to access Chase Bank, Plaintiff is deterred from doing so due to the step at the entrance, and the other architectural barriers detailed in Paragraph 99 herein.

49. Plaintiff either personally observed or has been made aware of, the architectural barriers at Chase Bank detailed in Paragraph 99 herein.

50. The architectural barriers detailed in Paragraph 99 herein exclude Plaintiff, based on disability, from the equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations offered to the general public at Chase Bank.

51. Plaintiff would visit Chase Bank more frequently but for the architectural barriers that deny him equal access to Chase Bank and the offerings therein.

52. Plaintiff continues to be deterred from visiting Chase Bank due to the architectural barriers to access extant at Chase Bank's premises.

***Defendant***

53.  32-42 Broadway Owner LLC is a Foreign Limited Liability Company formed pursuant to the limited liability company laws of the State of Delaware .

54. 32-42 Broadway Owner LLC engages in business in New York.

55. As an entity formed pursuant to the limited liability company laws of the state of Delaware, 32-42 Broadway Owner LLC is not a governmental entity.

56. 32-42 Broadway Owner LLC owns 42 Broadway.

57. 32-42 Broadway Owner LLC leases the space in which Chase Bank is located for use as a retail bank.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

58. Chase Bank is operated by a private entity as it is not owned or operated by a State or local government; a department, agency, special purpose district, or other instrumentality of a State or local government; or a commuter authority. 42 U.S.C. §§ 12131(1) and 12181(6).

59. The operations of Chase Bank affect commerce. 28 C.F.R. § 36.104.

60. Chase Bank, a bank located at 42 Broadway, is a place of public accommodation pursuant to the Human Rights Laws. 42 U.S.C. § 12181 and 28 C.F.R. § 36.104; N.Y. Exec. Law § 292(9); and the N.Y.C. Admin. Code § 8-102.

61. Defendant owns and operates the space in which Chase Bank is located.

62. Defendant leases the space in which Chase Bank is located.

63. "[T]he landlord who owns the building that houses a place of public accommodation . . . [is a] 'public accommodation'", subject to the Human Rights Laws.

*28* C.F.R. § 36.201(b); *See also* 42 U.S.C. 12182(a); N.Y. Exec. Law §296(2)(a); N.Y.C. Admin. Code § 8-107(4)(a).

64.  32-42 Broadway Owner LLC, as owner of 42 Broadway in which Chase Bank is located, is an entity required to comply with the Human Rights Laws. *See Id.*

65. 32-42 Broadway Owner LLC, [as] lessor of the space in which Chase Bank is located is an entity required to comply with the Human Rights Laws. *See Id.*

66. 42 Broadway is also a commercial facility subject to the ADA and the ADA Standards. See 42 U.S.C. § 12181(2).

67. N.Y.C. Admin. Code § 19-152 and § 7-210 impose a non-delegable duty on the owners of real property to repave, reconstruct, repair, and maintain the public sidewalk that abuts their real property.

68. As 32-42 Broadway Owner LLC is required to maintain, repave, reconstruct, and repair the public sidewalk that abuts its property, it controls, manages, and operates the public sidewalk that adjoins 42 Broadway.

69. 32-42 Broadway Owner LLC therefore controls, manages, and operates the parts of the public sidewalk that constitute Chase Bank's public entrance.

70. There are multiple architectural barriers at Chase Bank that prevent or restrict physical access to Plaintiff and other persons with disabilities.

71. The architectural barriers at Chase Bank include gateway barriers – such as steps at the public entrance to Chase Bank.

72. The gateway barriers at Chase Bank exclude Plaintiff and other persons with mobility disabilities from patronizing Chase Bank, as they deny Plaintiff, and other

persons that use wheelchairs, the opportunity to enter Chase Bank though its public entrance.

73. Chase Bank opened for business on or after 2010.

**Alterations Performed to 42 Broadway and Chase Bank**

74. Defendant renovated, remodeled, and reconstructed ("Modified") Chase Bank and areas of 42 Broadway related to Chase Bank at various times after January 26, 1992.

75. The construction work performed to Chase Bank included work to its storefront; exterior entrance, including the installation of a new sidewalk; and interior, including the demolition and construction of partitions and rearrangement of walls.

76. The construction work performed to areas of 42 Broadway related to Chase Bank included work to 42 Broadway's entrance, including the installation of a new sidewalk; interior route, the demolition and construction of partitions, and rearrangement of walls.

77. The construction work performed to Chase Bank's space changed the occupancy classification of the space.

78. The construction work performed to Chase Bank's space changed the way the space is used.

79. The renovation, remodeling and reconstruction work performed to Chase Bank included changes to the areas of 42 Broadway related to Chase Bank, and the Chase Bank's space that affected, or which could have affected, the usability of the space.

80. Based on the foregoing renovation, remodeling, and reconstruction work Chase Bank, inclusive of the areas of 42 Broadway related to Chase Bank, are "altered" within the meaning of the ADA. See 28 C.F.R. 36.402(b)(1).

10

81. The renovated, remodeled, reconstructed spaces, areas, and elements of Chase Bank, inclusive of the areas of 42 Broadway related to Chase Bank, including the entrances, are "altered areas" within the meaning of the ADA. *See Id.*

82. The renovated, remodeled, reconstructed spaces, areas, and elements of 42 Broadway related to Chase Bank constitute "altered areas" within the meaning of the ADA. *See Id.*

## Defendant Failed to Follow the Accessibility Requirements Detailed in its Architectural Drawings

83. The buildout of, and subsequent renovations to, Chase Bank's space, inclusive of the areas of 42 Broadway related to Chase Bank, were done pursuant to architectural drawings that detailed the work Defendant would perform to buildout and remodel Chase Bank. See N.Y.C. Admin Code § 27-162 and § 28-104.7.1.

84. The architectural drawings utilized in the buildout of, and subsequent renovation work to, Chase Bank, inclusive of the areas of 42 Broadway related to Chase Bank, specified the dimensions and placement of the architectural elements and fixtures at Chase Bank. *See Id.*

85. The architectural drawings detailed the floor plan, layout, location of fixtures, flooring, entrances, demised spaces, and other architectural elements at Chase Bank, and the areas of 42 Broadway related to Chase Bank. *See Id.*

86. The architectural drawings also detailed the legal requirements that Defendant was obligated to comply with in the design and construction of Chase Bank and the areas of 42 Broadway related to Chase Bank. *See Id.*

11

87. The legal requirements detailed in the architectural drawings included the design and construction standards that mandate the provision of physical access for persons with physical disabilities at Chase Bank. *See Id.*

88. The design and construction standards referenced in Defendant's architectural drawings included:

a. the accessibility provisions of the 1968 New York City Building Code, N.Y.C. Admin. Code § 27-292.1 et seq. (the "1968 BC"), inclusive of ANSI A117.1-1986 as modified by 1968 BC Reference Standard RS 4-6 (the "1968 Ref Std"[2], and together with the 1968 BC, the "1968 NYC Standards");

b. the accessibility provisions of the 2008 New York City Building Code, N.Y.C. Admin. Code § 28-1101 et seq.[3]and Appendix E (the "2008 BC"), inclusive of ICC A117.1-2003 (the "2008 Ref Std" and together with the 2008 BC, the "2008 NYC Standards");

c. the accessibility provisions of the 2014 New York City Building Code, N.Y.C. Admin. Code § 28-1101 et seq. and Appendix E (the "2014 BC"), inclusive of and ICC A117.1-2009[4] (the "2014 Ref. Std., and together with the 2014 BC, the "2014 NYC Standards");

d. the 1991 ADA Standards for Accessible Design codified in 28 CFR part 36 Appendix A[5]; (the "1991 ADA Standards"); and

e. the 2010 Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D, and 28 CFR part 36 Appendix A, subpart D (the "2010 ADA Standards", and together with the 1991 ADA Standards, the "ADA Standards").

The 2014 NYC Standards, collectively with the 1968 NYC Standards and the 2008 NYC Standards, are referred to herein as the "NYC Standards". The ADA Standards together with the NYC Standards are collectively referred to herein as the "Accessibility Standards".

---

[2] *See* N.Y.C. Admin Code §§ 27-292.2 and Reference Standard 4-6.

[3] As such provisions (N.Y.C. Admin. Code § 28-1101 and Appendix E) existed prior to December 31, 2014, the effective date of the 2014 BC.

[4] *See* N.Y.C. Admin Code § 28-1101.2 and Appendix E, § § E101 and E112.

[5] Republished in 28 CFR part 36 Appendix D on Sept. 15, 2010. 28 C.F.R. § 36.104, 75 Fed. Reg. 56236, 56237 (September 15, 2010).

89. Defendant failed to comply with the Accessibility Standards when it renovated, remodeled and reconstructed Chase Bank's space.

90. When Defendant Modified Chase Bank's space and at all times thereafter that it performed design and construction work to Chase Bank, Defendant had knowledge of, and specific notice regarding its obligation to comply with the Accessibility Standards.

91. Defendant therefore knowingly failed to comply with the Accessibility Standards when it Modified Chase Bank's premises and the parts of 42 Broadway related to Chase Bank's space.

92. Defendant also acted with deliberate indifference to the equal access rights of persons with disabilities due to its failure to comply with the Accessibility Standards.

**Defendant Failed to Follow the Accessibility Requirements
Detailed in its Lease Documents.**

93. The lease agreement for the Chase Bank premises provides that the space must comply with the Human Rights Laws.

94. The lease agreement for the Chase Bank premises provides that the space must comply with the Accessibility Standards.

95. 32-42 Broadway Owner LLC is therefore aware of it is obligated to provide an accessible place of public accommodation.

96. As 32-42 Broadway Owner LLC is aware of its obligation to provide an accessible place of public accommodation, it knowingly and with deliberate indifference fails to comply with the Accessibility Standards.

97. As a result of Defendant's failure to comply with the Accessibility Standards, the services, features, elements, and spaces of Chase Bank are not accessible to Plaintiff

13

as required by the Human Rights Laws. *See* 42 U.S.C. § § 12182(a), § 12183(a), and § 12186(b); N.Y. Exec. Law § 296(2)(a); and N.Y.C. Admin. Code § 8-107(4).

98. Because Defendant fails to comply with the Accessibility Standards Plaintiff was, and remains, unable to enjoy safe and equal access to Chase Bank.

99. Architectural barriers which Plaintiff encountered and those that deter him from patronizing Chase Bank include, but are not limited to, the following:

I.  An accessible route to Chase Bank is not provided from the public street and sidewalk to the building entrance.
*Defendant fails to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

II.  The accessible route to Chase Bank does not coincide with the general circulation path.
*Defendant does not provide an accessible route to the retail facilities from each site arrival point including public transportation stops, accessible parking, public streets or sidewalks that coincides with the general circulation path used by patrons thereby relegating plaintiff to a "second class citizen" entrance and exit. See 1991 ADA §§ 4.3.2(1) and 4.1.2(1); 2010 ADA §§ 206.1; 206.2 and 206.3; 1968 BC§ 27-292.5(b); 2008 BC §§ 1104.1 and 1104.5 and 2014 BC §§ 1104.1 and 1104.5.*

*III.*  None of the public entrances to Chase Bank are accessible.
*Defendant fails to provide that at least 50% of all its public entrances are accessible. See 1991 ADA § 4.1.3(8)(a)(i).*
*Defendant fails to provide that at least 60% of all its public entrances are accessible. See 2010 ADA § 206.4.1.*
*Defendant fails to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
*Defendant fails to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; and 2014 BC § 1105.1.*

IV.  There are two steps at the exterior side of the public entrance to Chase Bank which has a change in level greater than ½ inch high.

*Defendant fails to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendant fails to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

V.  The public entrance door to Chase Bank lacks level maneuvering clearances at the pull and push side of the doorway.
*Defendant fails to provide an accessible door with level maneuvering clearances. Changes in levels are not permitted.  See the 2014 Ref Std § 404.2.3; the 2008 Ref. Std § 404.2.3; and the 1968 Ref Std § 4.13.6.  See also the 2010 ADA § 404.2.4; and the 1991 ADA § 4.13.6.*

VI.  The public entrance door to Chase Bank has stairs which lack handrails on both sides.
*Defendant fails to provide handrails on both sides of the stairs.  See 1991 ADA § 4.9.4; 2010 ADA § 505.2; 1968 Ref Std § 4.9.4; 2008 Ref. Std § 505.2; and 2014 Ref. Std § 505.2.*

VII.  The public entrance door to Chase Bank has stairs lacking handrail extensions on the top and bottom of the stairs.
*Defendant fails to provide handrails at the top and bottom of stairs that extend beyond and in the same direction of stair flights.  See 1991 ADA § 4.9.4(2); 2010 ADA § 505.10; 1968 Ref Std § 4.9.4(2); 2008 Ref. Std § 505.10; and 2014 Ref. Std § 505.10.*

VIII.  The interior doors at 42 Broadway which provide separate segregated indirect entry to Chase Bank are not usable by wheelchair users as they are heavy and difficult to open.
*Defendant fails to provide a door that requires less than five pounds of force to open. See 1991 ADA 4.13.11; 2010 ADA § 404.2.9; 1968 Ref Std § 4.13.11; 2008 Ref Std § 404.2.8; and 2014 Ref Std § 404.2.8.*

100.    A full inspection of Chase Bank will reveal the existence of other barriers to access.

101.    To properly remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of Chase Bank so that he may catalogue other architectural barriers and have Defendant remediate Chase Bank so that it is accessible to him.

102.    Plaintiff therefore gives notice that, to the extent not contained in this Complaint, he intends to amend his Complaint to include any violations of the Accessibility Standards or Human Rights Laws discovered during an inspection of Chase Bank.

103.    Defendant denies Plaintiff the opportunity to participate in or benefit from the services and accommodations of Chase Bank because of disability.

104.    Defendant provides Plaintiff and similarly situated disabled persons with lesser opportunity to enjoy the facilities, goods, services, offerings, and accommodations of Chase Bank, than the opportunity Defendant provides to non-mobility impaired customers.

105.    Defendant provides non-mobility impaired persons with the physical access Defendant is legally obligated to provide them under the N.Y.C. Admin. Code and the N.Y. Executive Law.

106.    In stark contrast, Defendant fails to provide Plaintiff and other mobility impaired persons with the physical access Defendant is legally obligated to provide them under the N.Y.C. Admin. Code and the N.Y. Executive Law.

107.    Defendant' discriminatory policy is clear: Inclusion for non-mobility impaired persons; Exclusion for mobility-impaired persons.

108.    Defendant discriminates against Plaintiff, as based on disability, it treats him, and other individuals with mobility disabilities, worse than non-mobility impaired persons.

109.    Defendant continues to discriminate against Plaintiff and other mobility impaired customers by limiting and reducing the options available to disabled patrons as compared to the options available to nondisabled customers.

110.    Defendant has not satisfied its statutory obligation to ensure that its policies, practices, procedures comply with the Human Rights Laws.

111.    Defendant have not provided accommodations or modifications so that Plaintiff and other persons with disabilities can have equal opportunity with respect to Chase Bank.

112.    Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendant' non-compliance with the Human Rights Laws. This threat is particularly evidenced by the existence of barriers to access at Chase Bank that deter and deny Plaintiff access based on disability.

113.    As previously noted, Plaintiff is employed in the neighborhood where Chase Bank is located.

114.    Plaintiff desires to visit Chase Bank on the days he is at work but is deterred from doing so due to the architectural barriers Defendant maintains at Chase Bank.

115.    Plaintiff desires to visit to Chase Bank but is deterred from doing so due to the architectural barriers Defendant maintains at Chase Bank.

116.    While Plaintiff desires to visit Chase Bank he is frustrated because Defendant denies him equal opportunity to do so based on disability.

117.    Plaintiff desires that Defendant remove the architectural barriers at Chase Bank so he can have equal access to it and avail herself of the offerings therein.

## ALLEGATIONS RELATED TO TESTER STATUS

118.  In addition to desiring equal access to Chase Bank for himself, Plaintiff also acts as an independent advocate for the rights of similarly situated persons with disabilities.

119.  Plaintiff desires that other similarly situated persons do not have their rights to equal access to Defendant' place of public accommodation, Chase Bank, and the 42 Broadway commercial facility, violated by Defendant.

120.  So that other individuals with disabilities that require wheelchairs benefit from his advocacy, Plaintiff is a "tester" for the purpose of protecting and enforcing, the equal access rights of similarly situated persons with disabilities at places of public accommodation and commercial facilities.

121.  As a tester Plaintiff acts to determine and ensure that places of public accommodation and commercial facilities are compliant with the ADA and the ADA Standards.

122.  Plaintiff therefore monitors places of public accommodation and commercial facilities to determine that they comply with the ADA and the ADA Standards.

123.  Plaintiff will monitor Chase Bank and the 42 Broadway commercial facility to determine and ensure that it complies with the ADA and the ADA Standards.

124.  Should Chase Bank cease operating at the 42 Broadway commercial facility Plaintiff will continue to monitor the space it occupied to determine and ensure that prior to the space reopening as a place of public accommodation, it complies with the ADA and the ADA Standards.

125.    As a tester, Plaintiff is additionally motivated to return to Chase Bank and the 42 Broadway commercial facility within which it is located.

126.    In addition to his desire to return to Chase Bank and the 42 Broadway commercial facility for himself, Plaintiff intends to return to Chase Bank and the 42 Broadway commercial facility within which it is located to monitor Defendant' compliance with their obligations under the ADA and the ADA Standards as a means of enforcing his and other similarly situated persons right to equal access.

### FIRST CAUSE OF ACTION
### (Violations of the Americans with Disabilities Act)

127.    Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

128.    Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. 42 U.S.C. § 12102; 28 C.F.R. § 36.105(a) and (b).

129.    As a direct and proximate result of Plaintiff's disability, Plaintiff requires a wheelchair for mobility.

130.    "[t]he landlord who owns the building that houses a place of public accommodation … [is a] 'public accommodation[]' subject to" the ADA. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(b).

131.    The ADA imposes joint and several liability on each of the owner of a building in which a place of public accommodation is located and the lessor of space in a building to a place of public accommodation. *See* 28 C.F.R. § 36.201(b).

132.    Therefore, pursuant to the ADA, the building owner and lessorr of Chase Bank, a place of public accommodation, is liable to Plaintiff. *See Id.*

133.    Defendant cannot avoid liability under the ADA by transferring its obligations to comply with the ADA to another entity. 28 C.F.R. 36.201(b).

134.    Defendant continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to access Chase Bank on the basis of disability.

135.    Defendant's policies and practices continue to subject Plaintiff to disparate treatment and disparate impact.

136.    By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are neither desired nor welcome as patrons of Chase Bank.

137.    Defendant performed design and construction work for the build out of Chase Bank but failed to perform the work so that Chase Bank, complies with the ADA Standards.

138.    Because Chase Bank does not comply with the ADA Standards it is not readily accessible to and usable by Plaintiff due to his mobility disability. *See* 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. § 12183(a)(1).

139.    Defendant discriminates against Plaintiff in violation of the ADA as it built a place of public accommodation that is not accessible to Plaintiff based on disability. *See* 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. § 12183(a)(1).

140.    Defendant fails to provide an integrated and equal setting for the disabled at the Chase Bank premises in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

141.    In violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2), Defendant failed to make Chase Bank compliant with the ADA Standards to the maximum extent feasible when it performed work that constituted alterations to Chase Bank's space.

142.    Defendant failed to provide "readily accessible and usable" paths of travel to the altered primary function areas of Chase Bank in violation of 28 C.F.R. § 36.403.

143.    Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access at Chase Bank in violation of 28 C.F.R. § 36.304.

144.    It has been and remains readily achievable for Defendant to make Chase Bank accessible by complying with the ADA Standards.

145.    By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against Plaintiff on the basis of disability in violation of 42 U.S.C. § 12182(a), § 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

146.    In the alternative, Defendant has violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal - to the extent Defendant asserts that the removal of any of the barriers to access was, and remains, not readily achievable. 28 C.F.R. § 36.305.

147.    Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 et. seq., and 28 C.F.R § 36.101 et. seq.

148.    Defendant continues to discriminate against Plaintiff in violation of the ADA by maintaining a place of public accommodation, Chase Bank, that is not compliant with the ADA Standards, and therefore not accessible.

## SECOND CAUSE OF ACTION
### (Violations of The New York State Human Rights Law)

149.    Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

150.    Plaintiff suffers from medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.

151.    As a result of his impaired bodily functions, Plaintiff suffers from a disability within the meaning of the N.Y. Exec. Law § 292(21).

152.    The State HRL guarantees the right of all individuals to equal opportunity with respect to places of public accommodations, regardless of disability. N.Y. Exec. Law §§ 290 and 291.

**Section § 296(2) Violations: Denial of Equality of Opportunity.**

153.    To protect the guaranteed right of persons with disabilities to equal access, the State HRL provides that it is an unlawful discriminatory practice for owners, managers, and operators of places of public accommodation "directly or indirectly to refuse, withhold from or deny any of the accommodations, advantages, facilities or privileges" of their place of public accommodation to a person because of disability. N.Y. Exec. Law § 296(2)(a).

154.     Defendant engages in an unlawful discriminatory practice in violation of the State HRL as it directly or indirectly denies Plaintiff "equal opportunity" (i.e., equal access) to enjoy the offerings of Chase Bank, a place of public accommodation. N.Y. Exec. Law 296(2)(a).

155.     Defendant engages in an unlawful discriminatory practice prohibited by the State HRL as it created and maintains a place of public accommodation, Chase Bank, that is not accessible to Plaintiff due to disability. N.Y. Exec. Law § 296(2)(a).

156.     Defendant continues to discriminate against Plaintiff in violation of the State HRL by maintaining and/or creating an inaccessible place of public accommodation, Chase Bank. N.Y. Exec. Law § 296(2).

157.     Defendant has subjected Plaintiff to disparate treatment by denying Plaintiff equal access to Chase Bank, a place of public accommodation, because Plaintiff is disabled.

158.     Defendant continues to subject Plaintiff to disparate treatment by denying Plaintiff equal access to Chase Bank because Plaintiff is disabled.

### Section § 296(2)(c) Violations: Failure to Make Readily Achievable Accommodations and Modifications.

159.     Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access at Chase Bank in violation of the State HRL. N.Y. Exec. Law § 296(2)(c)(iii).

160.     It remains readily achievable for Defendant to remove the barriers to access at Chase Bank.

161. Defendant cannot demonstrate that the removal of the barriers to access at Chase Bank is not readily achievable. N.Y. Exec. Law § 296(2)(c)(iii) and (v).

162. Alternatively, should Defendant demonstrate that it is not readily achievable to remove any barriers to access at Chase Bank, Defendant discriminates in violation of the State HRL as it fails to provide Plaintiff and other persons with disabilities, equal opportunity to enjoy the privileges, advantages, and accommodations it offers at Chase Bank through alternative methods. N.Y. Exec. Law § 296(2)(c)(v).

163. It would be readily achievable to make Chase Bank accessible through alternative methods.

164. In violation of the State HRL Defendant has failed to make reasonable modifications to its policies, practices, and procedures necessary to provide Plaintiff with access to Chase Bank, and the privileges, advantages, or accommodations it offers therein. N.Y. Exec. Law § 296(2)(c)(i).

165. Defendant cannot demonstrate that modifying its policies, practices and procedures would fundamentally alter the nature of Chase Bank or the privileges, advantages, or accommodations it offers therein.

166. In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal in violation of the State HRL. N.Y. Exec. Law § 296(2)(c)(v).

167. It is and would have been readily achievable for Defendant to make Chase Bank accessible to persons with disabilities.

168. It does not and would not have imposed an undue hardship or undue burden on Defendant to have made Chase Bank accessible for persons with disabilities.

**Section 300: The State HRL's Liberal Construction Requirement.**

169.    In 2019, the New York State legislature amended the Executive Law to provide increased protections for classes protected by the State HRL. N.Y. Exec. Law § 300, as amended by Chapter 160 of the Laws of 2019, § 6.

170.    The 2019 amendment added language at the start of the State HRL's Construction section (N.Y. Exec. Law § 300) to explain that the law must be:

> construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed.

*Id.*

171.    With the 2019 amendment, the State HRL is no longer coextensive with federal anti-discrimination law.

172.    Defendant's conduct is therefore subject to a significantly stricter standard under the State HRL than under Federal anti-discrimination laws, including the ADA.

173.    The State HRL's stricter standards include those situations where the ADA has provisions that are comparably worded to the State HRL's provisions. *Id.*

174.    Defendant must therefore provide an accessible place of public accommodation in situations where the ADA does not require Defendant to provide accessibility.

175.    As a direct and proximate result of Defendant's unlawful discrimination in violation of State HRL, Plaintiff has suffered, and continues to suffer emotional distress, including humiliation, embarrassment, stress, and anxiety.

176.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violations of the New York City Human Rights Law)

177.    Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

178.    Plaintiff suffers from medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range.

179.    Due to his impaired bodily functions, Plaintiff has a disability within the meaning of the City HRL. N.Y.C. Admin. Code § 8-102.

**Section 8-107(4)(a)(1)(a) Violations: Denial of Equal Opportunity.**

180.    The City HRL guarantees the right of all individuals, regardless of disability, to equal opportunity (i.e., equal access) to places of public accommodations.

181.    Equal access, in the words of the City HRL, is the opportunity to have "full and equal enjoyment, on equal terms and conditions" to the accommodations, advantages, services, facilities, and privileges of a place of public accommodation. N.Y.C. Admin. Code § 8-107(4).

182.    Defendant engages in an unlawful discriminatory practice prohibited by the City HRL as it created and maintains a place of public accommodation, Chase Bank, which is not accessible to Plaintiff due to disability. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

183.    Defendant is also liable for the conduct of its employees and agents. N.Y.C. Admin. Code § 8-107(13).

184.    The conduct of Defendants' employees and agents resulted in the creation and maintenance of a place of public accommodation which is not accessible. *See Id.*

185.    Because Defendant created and maintains a place of public accommodation that is not accessible to Plaintiff due to disability, Defendant directly and indirectly "refuse[s], withhold[s] from, or den[ies]" Plaintiff equal opportunity to enjoy the "accommodations, advantages, services, facilities or privileges" of Chase Bank due to his disability.

186.    Defendant's policies and procedures inclusive of its policies of refusing to expend funds to design, create and maintain an accessible place of public accommodation is a discriminatory practice in violation of City HRL. N.Y.C. Admin. Code § 8-107 (4).

187.    Defendant's failure to construct and maintain an accessible entrance from the public sidewalk to Chase Bank constitutes disability discrimination in a violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a); *See also* N.Y.C. Admin. Code § 19-152 and § 7-210.

188.    Defendant's failure to provide an accessible place of public accommodation and consequent denial of equal opportunity to Plaintiff constitutes an ongoing continuous pattern and practice of disability discrimination in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

189.    Defendant discriminates against Plaintiff as it subjects him to disparate impact in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4).

190.    Defendant subjects Plaintiff to disparate impact as it directly and indirectly denies Plaintiff equal opportunity to enjoy the accommodations, advantages, facilities, and privileges of Chase Bank because of his disability.

27

191.    Defendant's policies or practices "whether neutral on their face and [or] neutral in intent"[6] result in a disparate impact to the detriment of the individuals with mobility disabilities, the protected class of which Plaintiff is a member. *See* N.Y.C Admin. Code § 8-107(17).

192.    Defendant's failure to comply with the NYC Building Code as well as its failure to expend monies to upgrade and alter Chase Bank to remove obsolete features such as stepped entrances, are policies and practices that have a significantly adverse and disproportionate impact on persons with mobility disabilities, including Plaintiff.

193.    Because the result of Defendant's policies and practices is a place of public accommodation that is not accessible to people with mobility disabilities, Plaintiff has demonstrated that Defendant's policy or practice has a disproportionately negative impact on the disabled including Plaintiff.

**Section 8-107(15) Violations: Failure to Provide Reasonable Accommodations.**

194.    Defendant also discriminates against Plaintiff in violation of the City HRL as it has not made reasonable accommodations for the needs of persons with disabilities. N.Y.C. Admin. Code § 8-107(15)(a).

195.    Defendant's failure to make reasonable accommodations include its failure to remove the architectural barriers to access detailed in Paragraph 99 herein so that individuals with disabilities, including Plaintiff, have equal opportunity to enjoy what Defendant offers at Chase Bank. *See Id.*

―――――――――――――――――

[6] *Levin v Yeshiva Univ.*, 96 NY2d 484, 489(2001).

28

196.     Defendant has known, or should have known, that members of the public, which includes current and prospective patrons such as Plaintiff, have mobility disabilities.

197.     Defendant has known, or should have known, that reasonable accommodations (including removal of the architectural barriers to access detailed in Paragraph 99 herein) are required so that persons with mobility disabilities can have the equal opportunity to enjoy what Defendant offer at Chase Bank.

198.     It would not cause undue hardship in the conduct of the Defendant's business to remove the architectural barriers to access detailed in Paragraph 99 herein as a reasonable accommodation for persons with disabilities.

199.     Defendant cannot demonstrate that it would cause undue hardship to the conduct of its business to remove the architectural barriers to access detailed in Paragraph 99 herein as a reasonable accommodation for persons with disabilities.

200.     Defendant's failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendant's failure to remove the barriers to access identified in Paragraph 99 herein, and its consequent denial of equal opportunity to Plaintiff, constitutes an ongoing continuous pattern and practice of disability discrimination in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

**Section 8-130: The City HRL's Construction and Maximally Protective Role.**

201.     To further the City HRL's "uniquely broad remedial purposes" (Local Law No. 85 (2005) of City of New York § 7) and to ensure that it the law is "maximally protective of civil rights in all circumstances" (Local Law No. 35 (2016) of City of New York § 1), the New York City Council amended the City HRL's Construction provision,

N.Y.C. Admin. Code § 8-130, in 2005 and 2016. Local Law 85 (2005), and Local Law 35 (2016).

202.    The 2005 and 2016 amendments confirm that the City HRL is not coextensive with federal or state civil rights laws "regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably worded to provisions of this title, [the City HRL,] have been so construed". N.Y.C. Admin. Code § 8-130(a), as amended by Local Law 85§ 7 and Local Law 35 § 2.

203.    The 2005 and 2016 amendments instead provide that the City HRL's protections are cumulative to the protections provided by federal or state civil rights laws, as the City HRL must "be interpreted liberally and independently of similar federal and state provisions" to accomplish the City HRL's uniquely broad and remedial purposes "as one of the most expansive and comprehensive human rights laws in the nation". Rep of Governmental Affairs Div, Comm on Civ Rights at 6 and 8, March 8, 2016, Local Law Bill Jacket, Local Law No. 35 (2016) of City of NY (Adding to Local Law 85 § 1's already explicit language which provided that the obligations imposed on entities subject to the City HRL by "similarly worded provisions of federal and state civil rights laws [are] as a floor below which the City's Human Rights law cannot fall.").

204.    The 2016 Amendments to the City Human Rights Law additionally direct that "[e]xceptions to and exemptions from the provisions of this title [(the City HRL)] shall be construed narrowly in order to maximize deterrence of discriminatory conduct". N.Y.C. Admin. Code § 8-130(b), as amended by Local Law 35 (2016) § 2.

205.    Due to the above-referenced amendments, the New York City Human Rights Law provides significantly greater protections to its protected classes "in all

circumstances" than what the ADA and State HRL provide to persons in the same protected classes.

206. Defendant's conduct is therefore subject to a markedly stricter standard under the City HRL than under Federal and state anti-discrimination law

207. To the extent that Defendant escapes liability under the ADA or State HRL for its conduct alleged herein, Defendant's liability under the City HRL must be determined separately and independently from its liability under the ADA or State HRL,. N.Y.C. Admin. Code § 8-130, as amended by Local Law 85 and Local Law 35.

208. Conversely to the extent that Defendant' conduct alleged herein violates the ADA or State HRL, Defendant automatically violates the City HRL.

209. Therefore, Defendant's violations of the ADA, the ADA Standards, and the State HRL alleged herein constitute discrimination under the City HRL.

210. Defendant continues to discriminate based on disability in violation of the City HRL (N.Y.C. Admin. Code § 8-107(4)) due to its ongoing violations of the ADA, the ADA Standards, and the State HRL alleged herein.

211. The City HRL's stricter standards also apply in situations where the ADA and the State HRL have provisions that are comparably worded to the City HRL's provisions. N.Y.C. Admin. Code § 8-130.

212. Defendant must therefore provide an accessible place of public accommodation, regardless of its obligation to provide accessibility under similarly worded provisions of the ADA or the State HRL.

213. Defendant's conduct alleged herein constitutes an ongoing and continuous violation of the City HRL.

214.    Unless Defendant is enjoined from further violations of the City HRL, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.

215.    In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendant's place of public accommodation.

216.    As a direct and proximate result of Defendant's unlawful discrimination in violation of the City HRL, Plaintiff has suffered, and continues to suffer emotional distress, including humiliation, stress, and embarrassment.

217.    Defendant' long-standing refusal to make its place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the City HRL.

218.    By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

219.    Defendant violated the City HRL with willful or wanton negligence, or recklessness, or with a conscious disregard of the rights of Plaintiff and others, or with conduct so reckless as to amount to such disregard. As a result, Plaintiff is entitled to an award of punitive damages pursuant to City HRL. N.Y.C. Admin. Code § 8-502.

220.    By refusing to make its place of public accommodation accessible, Defendant has unlawfully profited from its discriminatory conduct by diverting monies Defendant should have used to provide an accessible place of public accommodation to itself.

221.     By refusing to make its place of public accommodation accessible, Defendant has unlawfully profited from its discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that it should have lawfully expended to pay for a fully compliant and accessible place of public accommodation.

222.     The amounts Defendant diverted to itself, and the unlawful revenues it gained, plus interest must be disgorged.

223.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (Violations of the New York State Civil Rights Law)

224.     Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

225.     Defendant continues to discriminate against Plaintiff in violation of the State HRL. N.Y. Exec. Law § 290 et seq.

226.     Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by N.Y. CRL §§ 40-c and 40-d for each and every violation of the Accessibility Standards and the State HRL.

227.     Notice of this action has been served upon the Attorney General as required by N.Y. CRL § 40-d.

### INJUNCTIVE RELIEF

228.     Plaintiff will continue to experience unlawful discrimination as a result of Defendant's failure to comply with the above-mentioned laws. Therefore, injunctive relief

Ordering Defendant to alter and modify Chase Bank, a place of public accommodation, to comply with the Accessibility Standards and the Human Rights Laws, is necessary.

229.    Injunctive relief is necessary to make Defendant's place of public accommodation readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

230.    Injunctive relief is also necessary to order Defendant to provide auxiliary aids or services, modification of its policies, and/or provision of alternative methods, in accordance with the ADA, State HRL, and the City HRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against Defendant in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, the State HRL, and the City HRL, and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices, and procedures;

B.  Issue a permanent injunction ordering Defendant to close Chase Bank at 42 Broadway to the public until Defendant removes all violations of the ADA, the 1991 Standards or the 2010 Standards, the State HRL and the City HRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendant until the Court is satisfied that Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

      D.  Award Plaintiff compensatory damages as a result of Defendant's violations of the State HRL and the City HRL;

      E.  Award Plaintiff punitive damages in order to punish and deter Defendant for its violations of the City HRL;

      F.  Award Plaintiff the monetary penalties for each and every violation of the law pursuant to N.Y. CRL §§ 40-c and 40-d;

      G.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA, the State HRL, and City HRL; and

      H.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: March 16, 2023
New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:/s_____
Adam S. Hanski
Attorneys for Plaintiff
40 Worth Street, Suite 602
New York, New York 10013
Telephone: (212) 248-7400
Facsimile: (212) 248-5600
Email:ash@parkerhanski.com

35