```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
STEFAN HENRY,                                                    :
                                                                 :
                                      Plaintiff,                 :   1:23-cv-2252-GHW
                                                                 :
                        -v –                                     :   ORDER
                                                                 :
32-42 BROADWAY OWNER LLC,                                        :
                                                                 :
                                      Defendant.                 :
                                                                 :
---------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/7/2023

GREGORY H. WOODS, United States District Judge:

Defendant 32-42 Broadway Owner LLC moves for leave to implead a third-party defendant, JP Morgan Chase Bank, N.A. ("Chase Bank"), pursuant to Federal Rule of Civil Procedure 14(a)(1). Dkt. No. 24 (the "Motion to Implead").  Plaintiff Stefan Henry does not oppose.  Dkt. No. 27.

This is a case of disability discrimination arising out of an alleged denial of equal access to a physical commercial space for Plaintiff, a wheelchair user.  Dkt. No. 1 at 3–4.  Defendant owns the commercial space at issue but leases it to Chase Bank, which operates a bank at the location.  *Id.* at 2; *see also* Dkt. No. 15 at 1 (admitting these allegations).  Defendant now seeks to assert third-party claims against Chase Bank, which allegedly was obligated, under the lease, to maintain the premises at the location.  Dkt. No. 25-1 at 3.  Specifically, the proposed third-party complaint brings causes of action for common law indemnity, contribution, and contractual indemnity.  *Id.* at 3–5.  Defendant filed an answer to the complaint on July 26, 2023.  Dkt. No. 15.

Federal Rule of Civil Procedure 14(a)(1) provides:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

"The underlying principle behind impleader is to promote judicial efficiency by permitting the

adjudication of several claims in a single action, and thus to eliminate circuitous, duplicative actions." *N.Y. Bay Cap., LLC v. Cobalt Holdings, Inc.*, No. 19-cv-3618-GHW, 2020 WL 3181661, at *2 (S.D.N.Y. June 12, 2020) (quoting *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 240 (S.D.N.Y. 2004)).

"Motions to implead non-parties should be freely granted to promote efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Id.* (quoting *Campbell v. Mercury Cas. Co.*, No. 17-cv-0618 (SJF) (ARL), 2018 WL 3135850, at *2 (E.D.N.Y. June 26, 2018), *adopting report and recommendation*, 2018 WL 2869084 (Apr. 17, 2018)). "Relevant factors in determining whether to grant leave to implead include: (i) whether the movant deliberately delayed or was derelict in filing the motion; (ii) whether impleading would unduly delay or complicate the trial; (iii) whether impleading would prejudice the [defendant or the] third-party defendant; and (iv) whether the third-party complaint states a claim upon which relief can be granted." *Id.* (alteration in original) (quoting *Nova Prods., Inc.*, 220 F.R.D. at 240).

Granting the Motion to Implead is appropriate under these factors. The proposed third-party complaint asserts claims arising out of the same underlying facts, such that Chase Bank would allegedly be liable for all or part of Defendant's liability to Plaintiff, if any, largely based on the lease between Defendant and Chase Bank concerning the commercial space in question. Impleading Chase Bank would therefore promote judicial efficiency. Plaintiff does not oppose the motion, and there is no evidence from the Court's review of the record that Plaintiff would suffer any prejudice, nor that Defendant or Chase Bank would suffer prejudice from permitting the impleader rather than proceeding in a separate case. The Motion to Implead is timely, as it was filed on the deadline set by the Court. *See* Dkt. Nos. 22, 24. It is also unlikely that the trial would be unduly complicated or delayed. While it may be that the case management plan and schedule, which includes discovery-related deadlines that have passed and anticipates the completion of fact discovery by November 27,

2023, may need to be modified to accommodate the joinder of Chase Bank, the proposed third-party complaint is relatively straightforward and unlikely to add significantly to the volume or nature of the discovery necessary in this action. *See, e.g.*, *Nova Prods., Inc.*, 220 F.R.D. at 240–41 (noting that discovery regarding any agreement between defendant and third-party defendant "should not be significant"). Finally, the Court will wait for any motion to dismiss the third-party complaint to fully evaluate the merits of Defendant's claims against Chase Bank, but it does not appear at a glance that the third-party complaint is so "obviously unmeritorious" as to not justify permitting the impleader. *See id.* ("[T]he Court cannot find on the submissions before it that [defendant's] proposed third-party complaint is plainly without factual and legal merit.").

      Accordingly, Defendant's motion for leave to implead Chase Bank as a third-party defendant is granted. Dkt. No. 24. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 24.

      SO ORDERED.

Dated: November 7, 2023
       New York, New York

_____
GREGORY H. WOODS
United States District Judge